UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-244 (PAM/DTS)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TRAVIS KYLE MAYER,

        Defendant.

**GOVERNMENT'S MOTION TO RE-OPEN THE RECORD AND ADMIT ADDITIONAL EVIDENCE**

The United States of America, by and through its attorneys, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Alexander D. Chiquoine, Assistant United States Attorney, respectfully requests that the Court re-open the record for the hearing held on December 5, 2019, for the limited purpose of admitting the additional evidence described below and attached hereto.

On December 5, 2019, a hearing was held related to Defendant Travis Mayer's Motion to Suppress his jail mail. (*See* Dkt. 24). Although Mayer bore the burden of establishing he had a subjectively held and objectively reasonable expectation of privacy in his jail mail, he initially declined to call any witnesses or present any evidence. The Government then called Special Agent Dennis Howe, who testified in relevant part about the Sherburne County Jail's Inmate Handbook (Exhibit A) and that Mayer received the Handbook when he was booked into the Jail in April 2019.

After this testimony Mayer himself took the stand in rebuttal. Mayer did so despite giving no notice that he, or anyone else, would testify. This was in direct

violation of this Court's order [Dkt. 13] and Local Rule 12.1(c)(3)(A).[1] The Government objected and the Court agreed that it would entertain a future motion to reopen the record and/or consider additional evidence presented by the Government.

In relevant part, Mayer testified that he was not provided with the Inmate Handbook until August 2019, when he demanded a copy. Mayer introduced two "kites" (Exhibits 1 and 2) from August 2019 wherein he claimed he was never given the Handbook, requested a copy, and Jail staff confirmed providing one to him. Mayer further testified that he had never seen the Inmate Handbook before August, never spoke with another inmate about it, and never saw another copy of the Handbook.

Mayer's testimony is demonstrably false. Attached is the affidavit of Investigator Michael Sieg, who works at the Sherburne County Jail. In it, Investigator Sieg describes how the Jail's policies and procedures dictate that inmates receive a copy of the Inmate Handbook at the time of their booking. (Sieg Aff. at ¶ 4). Moreover, Jail staff complete an inmate intake form documenting what Jail materials an inmate is provided, including the Inmate Handbook. (*Id.* at ¶ 6). Investigator Sieg confirms that Mayer was in fact given an Inmate Handbook at the time of his booking, in April 2019, and presents Mayer's inmate tracking sheet, which confirms he was provided with the Handbook at that time. (*Id.* at ¶¶ 5, 7, Ex. J).

---

[1] In response to the Government's objection, Mayer essentially claimed that he had a right not to notice any testimony or evidence, even in the context of a suppression hearing. The Government can find no support for this position and disputes it as a matter of law.

Finally, Investigator Sieg makes clear that the Inmate Handbook is widely available to inmates at the Jail, including in kiosks in common areas where inmates are free to take copies as they please. (*Id.* at ¶8).

Investigator Sieg's affidavit and Mayer's Inmate tracking sheet are highly relevant and admissible. The primary issue in Mayer's Motion to Suppress is whether he had a subjectively held and objectively reasonable expectation of privacy in his jail mail. As previously detailed by the Government, the Inmate Handbook makes clear that inmate mail is subject to monitoring and review. The fact that Mayer was provided with a copy of the Handbook at his booking goes directly to whether he had a subjectively held, let alone objectively reasonable, expectation of privacy. This evidence also directly contradicts Mayer's self-serving, and demonstrably false, testimony and evidence to the contrary.

No prejudice will result from admitting this evidence. Mayer created a situation wherein he bore the burden of proof, but declined to try and meet that burden until <u>after</u> the Government present its case, then did so in a way that violated a Court order and the Local Rules. The Government properly objected and the Court agreed to consider re-opening the record and/or considering additional evidence.[2]

---

[2] Holding a new hearing is unnecessary. Investigator Sieg's affidavit is self-explanatory and complete, as well as limited in scope. Mayer's inmate tracking sheet (Exhibit J) is a business record of the Jail and thus self-authenticating, in addition to being authenticated by Investigator Sieg's affidavit. This evidence is especially admissible under the relaxed standards for suppression hearings. *See United States v. Raddatz*, 447 U.S. 667, 679 (1980); *United States v. Matlock*, 415 U.S. 164, 172–73 (1974). However, should the Court conclude that this evidence is inadmissible without witness testimony, the Government respectfully requests that it set a new hearing date whereat such testimony will be presented.

Mayer then elected to perjure himself in his testimony. The Government could not have anticipated this series of events and therefore was not prepared to present the evidence contained in Investigator Sieg's affidavit, or Mayer's inmate tracking sheet. Under these circumstances, the only prejudice would be to the Government if the Court refused to accept its offered evidence.

Therefore, the United States respectfully requests that the Court re-open the record and admit the evidenced attached hereto.

Dated:  December 13, 2019                                   Respectfully Submitted,

ERICA H. MacDONALD
United States Attorney

*/s/ Alexander Chiquoine*

BY:   ALEXANDER D. CHIQUOINE
Assistant U.S. Attorney
Attorney ID No. 0396420MN

4