UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | DEFENDANT TRAVIS KYLE MAYER'S MOTIONS IN LIMINE |
| vs. | ) ) ) | Crim. No. 19-244 (NEB/DTS) |
| Travis Kyle Mayer, | ) ) | |
| Defendant. | ) | |

Defendant Travis Kyle Mayer, through his counsel, Daniel L. Gerdts, Esq., respectfully moves the Court *in limine* for the following relief:

1. An order directing the prosecution and government witnesses to refrain from describing the incident and conduct at issue in this case as an "assault." In Grand Jury testimony, for example, the case agent refers to the incident at issue as an "assault," and the prosecution has fallen into the habit of routinely referring to the incident and conduct at issue as an "assault." Whether the conduct constitutes an assault is the precise issue to be determined by the jury. The Government obviously will be free to argue in its closing that the conduct constitutes an assault, but it should not be free to use the term in its questions to witnesses; nor should the witnesses be permitted to characterize the conduct in such fashion.

2. An order precluding the prosecution or its witnesses from making any reference

to the pending charges that are the reason for Mr. Mayer being held in custody presently and at the time of the charged conduct. This includes a request that Agent Howe not be asked about his current assignment or duties.

3. An order precluding the admission of 404(b) evidence noticed by the Government.

The Government has given notice that it intends to introduce evidence of an "assault" committed by Mr. Mayer while he was detained in the Freeborn County Jail on an unspecified date. The bad conduct evidence at issue is an allegation that Mr. Mayer "threw urine" at a correctional officer at that institution. The prosecution's notice does not identify the relevant purpose for introducing the evidence, and of course, there is no proper purpose. The prosecution seeks to admit the evidence solely to impugn Defendant's character and to establish Defendant's propensity to transfer bodily waste when provoked by correctional staff. That, of course, is an improper purpose, and the evidence should not be admitted.

The Government also has given notice that it intends to present evidence of "Mr. Mayer's repeated threats against Sherburne County Jail staff during his incarceration at that facility." The notice does not provide any further specificity except to say that these "threats" appear in his phone calls and letters to third parties. Nor does the notice suggest what relevant purpose the evidence will be offered to advance. There is no relevance to the proposed evidence. The prosecution seeks only to paint Mr. Mayer as

an unruly boy of bad character and angry thoughts who deserves to be punished.

The Government also has given notice of its intent to introduce evidence of Mr. Mayer's convictions for "Tampering with a Fire Alarm System" and "4th Degree Intentional Damage to Property." It states that this evidence will be offered to show his "intent, knowledge, and lack of mistake or accident" in committing the instant offense. This proposal obviously requires additional elucidation, as it simply makes no sense at all.

4. An order precluding the admission of dozens of calls and letters and miscellaneous jail documents.

The Government's exhibit list indicates its intent to introduce in excess of *fifty* exhibits consisting of recorded jail calls, and copies of letters, and various jail documents. It is not necessary here to specify the evidentiary defects of each of the proposed exhibits (and impossible in any case because the Government has not yet provided the Defense with copies of the actual exhibits). It should be obvious, however, that the voluminous nature of the proposed exhibit list establishes *ipso fact* that Rule 403 will require the Court to preclude the admission of most of them. Defendant also specifically objects to these proposed exhibits on relevance grounds. Hearsay is included in many of them as well.

This case arises from a one-count indictment alleging a fairly simple assault against two identified jail staff members that occurred at the same time on the same

day in July 2019. The entire incident was recorded on video. The video will be introduced at trial. The alleged victims will testify. It should take a day to try. The prosecution nonetheless seeks to retain the jury for several additional days for the purpose of introducing dozens and dozens of irrelevant letters and calls from Mr. Mayer to his family, as well as an untold amount of time to prove up other un-charged allegations of misconduct. There is no justification for such a spectacle – especially considering the viral pandemic that threatens everyone's health and safety. The Court needs to exercise its discretion to impose significant limits on the prosecution's proposed evidentiary extravaganza.

Dated: 16 September 2020

Respectfully submitted,

DANIEL L. GERDTS, LAWYER

s/ *Daniel L. Gerdts*

_____
Daniel L. Gerdts (#207329)
331 Second Avenue South
Suite 705
Minneapolis, MN 55401
612-800-5086