# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-CR-244 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ON MOTIONS IN LIMINE |
| TRAVIS KYLE MAYER, | |
| Defendant. | |

Defendant Travis Kyle Mayer is charged with assault on a federal officer in violation of 18 U.S.C. § 111(a). Trial is set to begin October 5, 2020. The Court held a pretrial conference on September 25, 2020, at which the parties argued the pending motions in limine. [ECF Nos. 55, 57, 58, 59, 60, 61, 62, 63, 64, 68.] The Court addresses each motion in turn.

**I.   Government's Motions in Limine**

*A.   First Motion in Limine that Corrections Officers are Federal Officers [ECF No. 55]*

The government's first motion asks the Court to make a legal finding that the corrections officers involved in the incident underlying the charges against the defendant are federal officers for purposes of the statute under which the defendant has been charged. As discussed at the hearing, this issue relates to jury instructions, and does not

need a pre-trial ruling. The Court will rule on the issue at the instruction conference. The motion is denied without prejudice.

    B.    *Second Motion in Limine Regarding Physical Contact [ECF No. 57]*

The government next asks the Court to determine that throwing urine or feces is physical contact for purposes of the crime charged. *See United States v. Yates*, 304 F.3d 818, 821-23 (8th Cir. 2002) (contrasting simple assault, which does not require physical contact, with other forms of assault under § 111, which require such contact). As with the previous motion, this is a matter for jury instructions, and it will be considered at that time. The motion is denied without prejudice.

    C.    *Third Motion in Limine Regarding Inextricably Intertwined and Rule 404(b) Evidence [ECF No. 58]*

The government has noticed its intent to introduce evidence of the defendant's bad acts under Federal Rule of Evidence 404(b). At the final pretrial conference, the government limited its motion to the following evidence: (1) incidents occurring in January and March 2019 when the defendant was detained at the Freeborn County Jail, including the defendant throwing urine on corrections officers, smearing feces on the walls of his cell, and damaging property in his cell; (2) recorded telephone conversations during which the defendant made threats against corrections officers and discussed the instant offense as well as the Freeborn County incidents; and (3) a grievance form the defendant submitted on July 20, 2019, six days before the instant offense, regarding delay in his receipt of mail. The government contends that this evidence is either inextricably

2

intertwined with the charged incident or establishes the defendant's motive, opportunity, intent, preparation, knowledge, identity, absence of mistake, or lack of accident under Fed. R. Evid. 404(b)(2).

"[E]vidence of specific bad acts" may not be "used to circumstantially prove a person has a propensity to commit acts of that sort." *United States v. Johnson*, 439 F.3d 884, 887 (8th Cir. 2006). One exception to this proposition is Rule 404(b)'s allowance for such bad-act evidence to establish elements such as the defendant's motive, intent, opportunity, preparation, or plan. "Under Rule 404(b) 'evidence of other crimes is admissible . . . if it is (1) relevant to a material issue; (2) similar in kind and close in time to the crime charged; (3) proven by a preponderance of the evidence; and (4) if the potential prejudice does not substantially outweigh its probative value.'" *United States v. Vega*, 676 F.3d 708, 719 (8th Cir. 2012) (quoting *United States v. Cowling*, 648 F.3d 690, 699 (8th Cir. 2011)).

In addition, evidence does not fall under Rule 404(b) if it is intrinsic to the charged offense. "[I]ntrinsic evidence[ ] is evidence of wrongful conduct other than the conduct at issue offered for the purpose of providing the context in which the charged crime occurred." *United States v. Campbell*, 764 F.3d 880, 888 (8th Cir. 2014) (cleaned up). "It 'includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely "completes the story" or provides context to the charged crime.'" *United States v. Guzman*, 926 F.3d 991, 1000 (8th Cir. 2019) (quoting *United States v. Young*,

753 F.3d 757, 770 (8th Cir. 2014)). Whether under Rule 404(b) or the intrinsic-evidence rule, the Court must ensure that the evidence's "probative value is [not] substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, . . . or needlessly presenting cumulative evidence." Fed. R. Evid. 403(b).

*1. Freeborn County Jail incidents*

According to the government, evidence of the incidents at Freeborn County are intrinsic to the instant offense in part because the defendant's acquittal for the urine-throwing incident emboldened him to commit the instant crime. But intrinsic evidence is evidence of other acts that are "so blended or connected with the ones on trial as that proof of one incidentally involves the others." *United States v. Luna,* 94 F.3d 1156, 1162 (8th Cir. 1996) (quotation omitted). Proof of the assault at issue here does not incidentally involve proof of the previous assault or the defendant's other destructive behavior. Therefore, the Court does not consider these incidents as intrinsic to the crime charged here.

On the other hand, some proof of these incidents is admissible under Rule 404(b). By pleading not guilty, the defendant has "put the government to its proof on all elements of the charged crimes," including knowledge and intent. *United States v. Wright*, 866 F.3d 899, 905 (8th Cir. 2017). And of course, prior-bad-act evidence may be admissible to prove both intent and knowledge. Fed. R. Evid. 404(b). The defendant's alleged use of urine and feces as a weapon in previous incidents is circumstantial proof of his intent and

4

knowledge in this case. It is also relevant to show lack of accident or mistake. This is particularly true because in the Freeborn incident allegedly involving throwing urine on a correctional officer, the government contends that the defendant testified at his previous trial that the act was unintentional, and that the substance was water, not urine.

The conclusion that this evidence is admissible under 404(b) does not end the inquiry, however. The Court must also evaluate whether the probative value of the evidence substantially outweighs the evidence's prejudicial effect. Fed. R. Evid. 403. Rule 403 "does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case." *United States v. McCourt*, 468 F.3d 1088, 1092 (8th Cir. 2006) (quotation omitted). The "rule protects against evidence that is *unfairly* prejudicial." *Id.* (quotation omitted) (emphasis in original). "'[U]nfair prejudice' 'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Block v. R.H. Macy & Co., Inc.*, 712 F.2d 1241, 1244 (8th Cir. 1983) (quoting Advisory Comm. Notes to Rule 403 (1972)).

"In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission." *United States v. Dennis*, 625 F.2d 782, 797 (8th Cir. 1980). Because the Court can fashion limiting instructions instructing the jury to consider this evidence only to establish the defendant's motive and intent, the risk of prejudice is greatly reduced. *See* Advisory Comm. Notes to Rule 403 (1972) ("[C]onsideration should

5

be given to the probable effectiveness or lack of effectiveness of a limiting instruction.") The evidence's probative value is thus not outweighed by the danger of unfair prejudice, and the evidence is admissible. Though the Court will grant the government's motion to admit evidence of the prior incidents, the Court will limit the evidence, as follows, to minimize prejudice to the defendant.

First, the January 11, 2019 Freeborn County incident may be admitted, but the fact of the charge stemming from the conduct, and the defendant's acquittal, are inadmissible, except with respect to the defendant's references to the acquittal in otherwise admissible phone calls. The government is prohibited from arguing that the defendant was "emboldened" by his acquittal in the Freeborn case, though this ruling does not prevent the government from arguing that the defendant was "emboldened" generally.

Second, the January 12, 2019 incident is admissible with regard to the use of feces and urine. The property damage related to this incident shall not be admitted at trial.

Third, the March 16, 2019 incident at is admissible with the exception of the conduct related to the sprinkler head and the resulting criminal counts.

The Court notes that the government's brief also includes incidents on March 18, 2019. (ECF No. 58, at 7-8). If the government intends to introduce evidence related to these incidents, the Court will need additional information about the nature of the evidence, its relevance, and any further argument under 404(b).

6

*2. Phone conversations*

The government seeks to introduce recorded telephone conversations between the defendant and his mother and brother. These conversations were intercepted between July 3, 2019, and October 17, 2019. The defendant does not dispute that he made the statements in the conversations and thus they are admissible as his statements, so long as they are not barred by another rule of evidence. Fed. R. Evid. 801(d)(2). Many of the statements are also admissible to establish the defendant's motive or intent. *See id.* R. 404(b)(2) (providing that bad-act evidence is admissible to prove, inter alia, motive and intent).

At the final pretrial, the defense indicated it had not reviewed the telephone calls, and that the government had significantly narrowed the scope of the calls it wished to admit. The Court will reserve ruling on these calls until after the parties meet and confer. The government shall inform the Court of calls it seeks to admit that are still contested by the defense.

*3. Grievance*

On July 20, 2019, less than a week before the charged assault, the defendant submitted a grievance to Sherburne County Jail authorities, complaining that his mail was being delayed. (Gov't Ex. 83.) In this grievance, the defendant states, "I will advise/warn you, do not f*ck with my mail, this is my last warning. I promise this is no

threat." (*Id.*) Such a direct threat, made so close in time to the alleged assault, is admissible to establish the defendant's motive and intent under Rule 404(b).

D. *Fourth Motion in Limine Regarding Relitigating Suppression Issues [ECF No. 59]*

The defendant does not oppose the government's motion insofar as it seeks to prevent the defendant from arguing to the jury that the searches in this case were unconstitutional. The defendant contends, however, that he should be allowed to argue that the searches of his mail and telephone conversations were somehow "improper." It appears that the defendant seeks to justify his behavior by arguing that he was angry over the allegedly improper monitoring of his communications.

The defendant can assert that he felt justified in throwing feces on the corrections officers because he was angry that the Sherburne County Jail was monitoring his communications. He may not, however, argue that such monitoring was improper or inappropriate. Such an argument relies on issues that have been determined against the defendant, such as the Jail's mail-monitoring policies. [*See* ECF No. 40.] The government's motion is granted.

E. *Fifth Motion in Limine Regarding Hearsay Statements [ECF No. 60]*

The government asks the Court to preclude the defendant and his counsel from offering or referring to the defendant's hearsay statements. In response, the defendant professes his intent to follow the Federal Rules of Evidence, something both parties are of course bound to do. Because the government's motion is a correct statement of the

law, it will be granted. During trial, the Court will consider any specific hearsay objection in turn.

**F.** *Sixth Motion in Limine Regarding Prior Convictions [ECF No. 61]*

This motion asks that the Court allow the government to impeach the defendant with his prior felony convictions within the last ten years, if the defendant elects to testify. The defendant agrees that such convictions are likely admissible and asserts that he will stipulate to such evidence if he testifies. Because the defendant may choose not to testify, the Court will not rule on the motion at this time but will address it if the defendant decides to testify.

**G.** *Seventh Motion in Limine Regarding Limiting Argument of Excessive Force [ECF No. 62]*

The government moves to prevent the defendant from arguing to the jury regarding recent civil unrest as a result of law enforcement's alleged use of excessive force, as well as arguing that the officers in this case used excessive force against him. The defendant disavows any intention to comment regarding other cases of excessive force. The defendant does not address whether he intends to argue that the officers involved here used excessive force against him.

The government argues that any evidence of allegedly excessive force in this case is irrelevant and is in any event belied by the videos of the incident. Further, the government notes that excessive force is a hot-button issue, so any relevance such an argument might have is outweighed by the danger of prejudice. Given that the defendant

has not offered any argument regarding excessive force in his case, the Court will grant the government's motion on this point with regard to civil unrest as a result of law enforcement's alleged use of excessive force.

    **H.**    *Eighth Motion in Limine Regarding Reference to Penalty [ECF No. 62]*

Because the defendant does not intend to raise any argument regarding either the penalty for the charged offense or the administrative punishment he received as a result of his conduct, this motion will be granted.

    **I.**    *Ninth Motion in Limine Regarding Sequestration of Witnesses [ECF No. 63]*

The defendant does not object to the sequestration of witnesses but asks that Sherburne County Investigator Michael Sieg be sequestered as well. Investigator Sieg is one of the government's case agents in this matter; according to the defendant, he is also a fact witness.

Investigator Sieg is included on the government's witness list, but he was not a witness to the alleged assault. Rather, he investigated the assault, and had other contact with the defendant. He need not be sequestered, and the government's motion is granted.

    **II.**    **Defendant's Motion in Limine [ECF No. 68]**

The defendant filed a single motion in limine that raises four different issues. Two of those are challenges to the bad-act evidence discussed in Section I.C. above. The Court

10

has determined that some of this evidence must be excluded and that some is admissible. The Court will not discuss that aspect of the defendant's motion further.

### A. *Motion in Limine for Order Prohibiting Government and Witnesses from Referring to the Incident as an "Assault"*

The government does not object to this motion, asserting its commitment to instruct its witnesses to take care in the language they use. Should any witness or attorney use the word "assault," the defendant may object to the testimony or statement. The motion is granted.

### B. *Motion in Limine Precluding Government and Witnesses from Referring to Pending Charges Against Defendant*

The defendant asks the Court to preclude any mention of the underlying federal charges against him, arguing that the jury might be prejudiced against him. The government points out that it must establish that the defendant was in federal custody at the time of the incident at issue, and that the defendant rejected a proposed stipulation regarding his detention that does not specify the federal charges at issue and instructs the jury not to speculate about those charges.

Unless the parties can agree on a stipulation regarding the defendant's federal detention, the government must be allowed to prove that the defendant was in federal custody at the time of the incident. The defendant's motion is therefore denied without prejudice, pending the parties' agreement on this issue.

## CONCLUSION

Based on the foregoing, and on all the files, records, and proceedings herein, and as set forth above, IT IS HEREBY ORDERED THAT:

1. The government's Motion in Limine Regarding Correctional Officers are Federal Officers [ECF No. 55] is DENIED without prejudice;

2. The government's Motion in Limine Regarding Physical Contact [ECF No. 57] is DENIED without prejudice;

3. The government's Motion in Limine Regarding Inextricably Intertwined and Rule 404(b) Evidence [ECF No. 58] is GRANTED in part, DENIED in part, and RESERVED in part, as set forth above;

4. The government's Motion in Limine Regarding Relitigating Suppression Issues [ECF No. 59] is GRANTED;

5. The government's Motion in Limine Regarding Defendant Hearsay Statements [ECF No. 60] is GRANTED;

6. The government's Motion in Limine Regarding Prior Convictions [ECF No. 61] is RESERVED pending Defendant's decision to testify;

7. The government's Motion in Limine Regarding Limiting Arguing Excessive Force [ECF No. 62] is GRANTED in part as set forth above;

8. The government's Motion in Limine Regarding Reference to Penalty [ECF No. 63] is GRANTED;

9. The government's Motion in Limine Regarding Sequestration of Witnesses [ECF No. 64] is GRANTED; and

10. Defendant's Motions in Limine [ECF No. 68] are GRANTED in part, DENIED in part, and RESERVED in part, as set forth above.

Dated: September 30, 2020

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge